IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN BOWIE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 08-05833 |
| v. | : | |
| | : | |
| U.S. FOOD SERVICE, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM RE: MOTION TO DISMISS FOR IMPROPER VENUE**

**Baylson, J.**                                                                                              **March 11, 2009**

## I.   Facts and Procedural History

Plaintiff, a resident of Philadelphia, brought an action against her employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq., as amended by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991 (hereinafter "Title VII"). Plaintiff's Complaint requested compensation for injuries allegedly sustained when her employer terminated her in violation of Title VII.  Defendant, U.S. Food Service, an Illinois corporation, employed Plaintiff as a "night warehouse selector" at Defendant's Bridgeport, New Jersey warehouse.  (Compl. ¶¶ 11, 8).  Plaintiff alleges that she was terminated because she was an African American female working in a location that employed only male individuals, not because she had inaccurately selected goods as Defendant alleges.  (Compl. 23).

After her termination, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Philadelphia, Pennsylvania.  (Compl. ¶ 3). The EEOC issued a Notice of Right to Sue on February, 15 2008.  (Compl ¶ 4).  Plaintiff then filed the current action in the Court of Common Pleas for Philadelphia County.  (Compl.¶ 5).

Defendant removed the case to the Eastern District of Pennsylvania, asserting both diversity and federal question jurisdiction. (Doc. 1). Defendant then brought a motion to dismiss under Rule 12(b)(3), arguing venue in this District is improper. (Doc 3).

## II.     Legal Standards

### A.     Jurisdiction

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiff's claim arises under Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

### B.     Venue

Venue in an action brought before this Court under both federal question and diversity jurisdiction is governed by 28 U.S.C. § 1391(b), which reads:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). When an action involves a defendant corporation, the corporation resides in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)

However, Title VII contains its own venue provision for employment discrimination actions, 42 U.S.C. § 20003-5(f)(3). That section reads in pertinent part:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found

within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 20003-5(f)(3).

In considering a motion to dismiss for improper venue under 12(b)(3), the Court must generally accept as true the allegations in the Complaint, unless contradicted by defendant's affidavits. Holiday v. Bally's Park Place, Inc., 2007 WL 2600877, at *1 (E.D. Pa. Sep.10, 2007). The movant bears the burden of demonstrating venue is improper. Myers v. American Dental Ass'n, 695 F.2d 716, 724 (3d Cir.1982).

### C.  Transfer of Venue

If venue is improper, a district court can either dismiss the case or transfer it to a district in which it could have originally been brought. 28 U.S.C. § 1406(a).

## III.  Parties Arguments

Relying on the venue provision in 42 U.S.C. § 20003-5(f)(3), Defendant asserts that because all relevant activities took place in New Jersey, not Pennsylvania, venue is improper in the Eastern District of Pennsylvania; thus, Defendant argues the case should be dismissed or transferred pursuant to 28 U.S.C. § 1406(a).  (Def.'s Memorandum of Law in Support of Def.'s Motion to Dismiss at 3-4).

Citing the attached, sworn affidavit of its Vice President of Human Resources, Bill Nunan, Defendant asserts that Plaintiff worked exclusively at its Bridgeport, New Jersey facility, therefore the allegedly unlawful employment practice must have occurred in New Jersey.

(Def.'s Memo at 5; Doc. 3, Ex. B).  Defendant also contends, based on the same affidavit, that all relevant employment records are kept at one of two New Jersey locations or at locations in other states, but not in Pennsylvania.  (Def.'s Memo at 5; Doc. 3, Ex. B).  Defendant further argues the Plaintiff's Complaint fails to allege that she would have worked in the Eastern District of Pennsylvania "but for" the allegedly unlawful practice and there is nothing to indicate she would have worked anywhere but the New Jersey warehouse.  (Def.'s Memo at 5).  Thus Defendant suggests that Plaintiff failed to meet the § 20003-5(f)(3) venue requirements and requests dismissal pursuant to F.R.C.P. 12(b)(3).  In the alternative, Defendant requests transfer, pursuant to 28 U.S.C. § 1406(a), to the District of New Jersey where the claim could have originally been brought.

Plaintiff responds that venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3). (Pl.'s Memorandum of Law in Response to Def.'s Motion to Dismiss at 2).  Plaintiff's brief argues that her work would likely have brought her to Pennsylvania if she remained with the company; however, Plaintiff does not support these arguments with affidavits or other documents.  In her brief, Plaintiff emphasizes the multi-state nature of the Defendant corporation and argues that she could have been required to follow the goods she selected and packed into Pennsylvania or could have been transferred to the corporation's Allentown, Pennsylvania office.  (Pl.'s Memo at 3).  Thus Plaintiff argues that she would have worked in Pennsylvania "but for" the allegedly illegal employment practice resulting in her termination.  (Pl.'s Memo at 3).

-4-

Furthermore, Plaintiff also argues that because the Bridgeport, New Jersey warehouse holds itself out as the Philadelphia branch of a multi-state corporation, the warehouse should be considered located in Philadelphia for purposes of determining whether venue is proper. (Pl.'s Memo at 3). Plaintiff notes that the New Jersey location is identified as the "Philadelphia" office on Defendant's website, at http://philadelphia.usfoodservice.com, and emphasizes that the warehouse serves the entire Delaware River Valley. (Pl.'s Memo at 3). Moreover, in further support of her connection to Pennsylvania, Plaintiff explains that she filed her charge of discrimination at the EEOC office in Philadelphia[1] and that she filed her original action in the Court of Common Pleas for Philadelphia County. (Pl.'s Memo at 5).

Alternatively, Plaintiff argues that if the Court finds New Jersey is the only proper venue under 42 U.S.C. § 2000e-5(f)(3), the Court should use its discretion to transfer, not dismiss, the case pursuant to 28 U.S.C. § 1406.

**IV.   Discussion**

    **A.   Venue**

As Plaintiff agrees that 42 U.S.C. § 2000e-5(f)(3) governs venue in this case, the remaining question for this Court is whether this District properly falls within one of the categories of proper venue set forth in that statue. Under § 20003-5(f)(3) a Title VII action can

---

[1] As Defendant observes, pursuant to the EEOC field office structure, the Philadelphia office has jurisdiction over counties in several states including New Jersey. (Defendant's Reply Brief in Support of Motion to Dismiss Plaintiff's Complaint for Improper Venue at 2); EEOC Philadelphia Office Jurisdictional Area, http://www.eeoc.gov/philadelphia/area.html (last visited Feb. 13, 2009).

only be brought in a district where (1) the allegedly unlawful employment practice occurred; (2) the relevant employment records are kept; (3) the aggrieved person would have worked but for the allegedly unlawful practice; or (4) the defendant's principal office is located, if the action cannot be brought in any other district.

The parties do not dispute that the allegedly unlawful employment practices actually occurred in New Jersey because Plaintiff only worked in the New Jersey warehouse.[2] Relying on the affidavit of Bill Nunan, (Doc. 3, Ex. B), Defendant also asserts that none of the relevant employment records are kept in Pennsylvania, and Plaintiff has not countered that assertion or offered any evidence to cast doubt on its truthfulness. Therefore, venue is only proper in the Eastern District of Pennsylvania if it is "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Plaintiff argues that she meets this standard because she could have been asked to follow goods into Pennsylvania or could have been transferred to the Allentown, Pennsylvania office.

Regardless of the location of the employer's home office, venue is presumably proper in the jurisdiction where an employee actually performs his or her duties. In Peikin v. Kimmel & Silverman, P.C., the court found New Jersey to be the proper venue where the employer was based in Pennsylvania but the employee spent approximately ninety percent of her time with New Jersey-based clients and cases. 576 F. Supp. 2d 654, 659 (D.N.J. 2008). Unlike the

---

[2]Although she disputes the characterization of the New Jersey warehouse as the "Philadelphia" site, Plaintiff does not dispute that the facility was actually located in New Jersey. Plaintiff also does not dispute that she only worked at the New Jersey facility in the past, though she suggests she may have been required to work elsewhere in the future.

plaintiff in Peikin, Plaintiff here does not assert that she actually spent any time working in Pennsylvania even though her home office was technically in New Jersey; Plaintiff merely asserts, without any factual support, that she could have worked in Pennsylvania in the future.

However, when the plaintiff has not worked in the district where venue is sought, the mere possibility that an employee may work in that district in the future does not satisfy the "but for" requirement of 42 U.S.C. § 2000e-5(f)(3). In Soul v. Movado Retail Group, Inc., a employee of a Virginia retail store brought a discrimination action against his employer in the Middle District of Pennsylvania. 2007 WL 1119296, at *2 (M.D. Pa. Apr. 10, 2007). The plaintiff asserted that he would have requested a transfer to a store in the Middle District if he had remained with the company. 2007 WL 1119296, at *3 n.2. The court held that such speculation was insufficient to satisfy the "but for" requirement as the plaintiff could not demonstrate he would have worked in the Middle District. 2007 WL 1119296 at *3. The court reasoned that "Congress used the article 'the' rather than 'a,' modifying 'judicial district' in the statute. This language more 'strongly suggests that the statutory requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take him.'" 2007 WL 1119296, at *3 n.2 (citing James v. Booz-Allen, 227 F. Supp. 2d 16, 23 (D.C. Cir. 2002)).

This Court agrees that mere speculation about possible future employment is insufficient to confer jurisdiction under 42 U.S.C. § 2000e-5(f)(3). Plaintiff has also provided no reason to believe, other than her speculative allegations, that her job as a night warehouse selector would ever require her to enter Pennsylvania or that she had actual plans to be transferred to a

-7-

Pennsylvania location. Plaintiff has not filed an affidavit or any other documents in support of her assertions. In contrast, Defendant has met its burden of showing that venue is not proper in the Eastern District of Pennsylvania under the § 2000e-5(f)(3) analysis by providing an affidavit supporting its position.

### B. Transfer

Because venue is not proper here, this Court must either dismiss the case or transfer it to the proper venue. 28 U.S.C. § 1406. As the alleged unlawful practice, relevant employment records and primary place of employment were all in New Jersey, the District of New Jersey is the only proper venue. In the interest of judicial economy and to spare Plaintiff the expense of commencing new litigation, this action shall be transferred to the District of New Jersey.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOWIE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 08-05833 |
| v. | : | |
| | : | |
| U.S. FOOD SERVICE, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

AND NOW, this 11th day of March, 2009, after reviewing Defendant's Motion to Dismiss for Improper Venue (Doc. 3), it is hereby ORDERED that Defendant's Motion is GRANTED and the case is transferred to the District of New Jersey pursuant to this Court's authority in 28 U.S.C. § 1406(a).

BY THE COURT:

/s/ Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\Lauren\Bowie v. U.S. Food\john draft 4.wpd